UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH MOORE,

        Plaintiff,

v.

CASE NO. 10-13634
HONORABLE NANCY G. EDMUNDS

PATRICIA L. CARUSO, DIRECTOR
OF THE MICHIGAN DEPARTMENT
OF CORRECTIONS,

MICHAEL HLUCHANIUK
UNITED STATES MAGISTRATE JUDGE

        Defendant.
_____/

## ORDER OF DISMISSAL

Plaintiff Jonah Moore is a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendant is Patricia L. Caruso, who is the Director of the Michigan Department of Corrections. Plaintiff alleges that he has a foreign object in his brain and that he is being tortured and assaulted. Plaintiff further alleges that correctional staff will not loan him money for copies of his medical records. He appears to seek money damages.

### I. Standard of Review

Due to his poverty, Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint or any portion of it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from

such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

## II. Discussion

Plaintiff's complaint lacks an arguable basis in law, because he has not shown that defendant Caruso had any personal involvement in the acts about which he complains. "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to

2

violate the asserted right." *Terrance v. Northville Reg'l. Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002 ) (emphasis in original). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," because vicarious liability is not applicable to § 1983 suits. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Because Plaintiff has not shown that defendant Caruso personally violated his constitutional rights, his claims are frivolous and fail to state a claim.

Furthermore, Plaintiff has sued defendant Caruso in her official capacity for money damages. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citations omitted). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*, 491 U.S. at 71; 109 S. Ct. at 2304. Plaintiff, therefore, has no right to money damages.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law and fail to state a claim for which relief may be granted. Accordingly, the complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to file an appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed.

2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: October 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2010, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer
                        Case Manager